Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882

*Attorneys for Plaintiff,*
*Schuyler McHenry,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schuyler McHenry, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; | **JURY TRIAL DEMAND** |
| Equifax Information Services, LLC, a Georgia corporation; | |
| Wells Fargo Bank, NA, a California corporation; | |
| Toyota Financial Services, an assumed name for Toyota Motor Credit Corp, a California corporation; | |
| Navient Solutions, Inc., a Delaware corporation; and Ithaca College, a foreign company. | |
| Defendants. | |

1

NOW COME THE PLAINTIFF, SCHUYLER MCHENRY, BY AND THROUGH COUNSEL, Nicholas Nowicki, and for his Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, California.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Los Angeles County, California;

   b. Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Sacramento County, California;

2

c.  Wells Fargo Bank, NA ("Wells Fargo"), which is a foreign company that maintains a registered agent in Maricopa County, Arizona;

d.  Toyota Financial Services an assumed name for Toyota Motor Credit Corporation ("Toyota") which is a California company that maintains a registered agent in Maricopa County, Arizona;

e.  Navient Solutions, Inc. ("Navient") a Delaware corporation that maintains a registered agent in Maricopa County, Arizona;

f.  Ithaca College ("Ithaca") a foreign company that maintains offices in Ithaca, New York.

## **GENERAL ALLEGATIONS**

6.  In February, 2015, Plaintiff obtained his Equifax credit file and noticed that Wells Fargo was reporting its trade line with account number 7002XXXX ("Errant Trade Line") with language indicating that he owed $18,274.00 on a monthly basis. This is false as the entire balance on the Errant Trade Line was $18,274.00.

7.  In February, 2015, Mr. McHenry submitted a letter to Equifax disputing the inaccurate monthly payment of $18,274.00 on the Errant Trade Line.

8.  Upon information and belief, Equifax transmitted Mr. McHenry's consumer dispute to Wells Fargo.

3

9. On or about May 27, 2015, Mr. McHenry obtained his Equifax credit file and noticed that Wells Fargo continued to misreport the Errant Trade Line with the erroneous monthly payment of $18,274.00.

10. On or about June 2, 2015, Mr. McHenry submitted another letter to Equifax disputing the erroneous monthly payment of $18,274.00 on the Wells Fargo Errant Trade Line.

11. Upon information and belief, Equifax transmitted Mr. McHenry's second consumer dispute to Wells Fargo.

12. On or about June 27, 2015, Mr. McHenry obtained his credit files and noticed that the following trade lines contained multiple "KDs" meaning "Key Derogatory" ("Errant Trade Lines"):

    a.  Navient Solutions, Account Number: 502935048399XXXX;
    b.  Wells Fargo, Account Number: 7002XXXX;
    c.  Navient Solutions, Account Number: 502935048399XXXX;
    d.  Navient Solutions, Account Number: 502935048399XXXX;
    e.  Toyota MTR, Account Number: 7040156342008XXXX; and
    f.  Ithaca College, Account Number: 535114866PEXXXX.

13. On or about August 4, 2015, Mr. McHenry, submitted another letter to Experian and Equifax disputing the multiple charge offs on all of the Errant Trade Lines.

14. Upon information and belief the CRAs transmitted Mr. McHenry's consumer dispute to Navient, Wells Fargo, Toyota and Ithaca.

4

15. On or about September 25, 2015, Mr. McHenry obtained his credit files and noticed that Navient Solutions retained the multiple charge offs on all three of its Errant Trade Lines with account number 502935048399XXXX on Mr. McHenry's Experian credit file and it retained the multiple charge offs on two of its Errant Trade Lines on his Equifax credit file. In addition, Toyota retained the multiple charge offs on its Errant Trade Line with account number 7040156342008XXXX on Mr. McHenry's Experian credit file. Finally, this showed that not only was Wells Fargo reporting the errant monthly payment of $18,274.00 on Mr. McHenry's Equifax credit file, but that it also retained the multiple charge offs on Mr. McHenry's Experian and Equifax credit files.

## <u>COUNT I</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO**

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Equifax and Experian of Mr. McHenry's consumer dispute of the multiple charge offs on the Errant Trade Line and after being informed by Equifax of Mr. McHenry's consumer dispute of the erroneous monthly payment on the Errant Trade Line, Wells Fargo negligently failed to conduct a proper reinvestigation of Mr. McHenry's disputes as required by 15 USC 1681s-2(b).

18. Wells Fargo negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically it failed to direct Equifax and Experian to remove the multiple charge offs on the Errant Trade Line. In addition, it failed to direct Equifax to remove the erroneous monthly payment of $18,274.00 on the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. McHenry's consumer credit file with Equifax and Experian to which it is reporting such trade line.

20. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. Wells Fargo is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. McHenry has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

6

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Equifax and Experian that Mr. McHenry disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Mr. McHenry's dispute.

25. Wells Fargo willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Wells Fargo willful failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Wells Fargo is liable to Mr. McHenry for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and they may recover therefore pursuant to 15 USC 1681n.

7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by Experian of Mr. McHenry's consumer dispute of the Errant Trade Lines, Toyota negligently failed to conduct a proper investigation of Mr. McHenry's dispute as required by 15 USC 1681s-2(b).

30. Toyota negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

31. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. McHenry's consumer credit file with Experian to which it is reporting such trade lines.

8

32. As a direct and proximate cause of Toyota's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

33. Toyota is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Mr. McHenry has a private right of action to assert claims against Toyota arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Toyota for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TOYOTA**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. After being informed by Experian that Mr. McHenry disputed the accuracy of the information it was providing, Toyota willfully failed to conduct a proper reinvestigation of Mr. McHenry's dispute.

37. Toyota willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause Toyota's willful failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

39. Toyota is liable to Mr. McHenry for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Toyota for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT V

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. After being informed by Equifax and Experian of Mr. McHenry's consumer dispute of the Errant Trade Lines, Navient negligently failed to conduct a proper investigation of Mr. McHenry's dispute as required by 15 USC 1681s-2(b).

42. Navient negligently failed to review all relevant information available to it and provided by Equifax and Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically it failed to direct Equifax and Experian to remove the multiple charge offs on the Errant Trade Lines.

43. The Errant Trade Lines are inaccurate and creating a misleading impression on Mr. McHenry's consumer credit file with Equifax and Experian to which it is reporting such trade lines.

44. As a direct and proximate cause of Navient's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

45. Navient is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

46. Mr. McHenry has a private right of action to assert claims against Navient arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Navient for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

<u>**COUNT VI**</u>

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY NAVIENT**

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. After being informed by Equifax and Experian that Mr. McHenry disputed the accuracy of the information it was providing, Navient willfully failed to conduct a proper reinvestigation of Mr. McHenry's dispute.

49. Navient willfully failed to review all relevant information available to it and provided by Equifax and Experian as required by 15 USC 1681s-2(b).

50. As a direct and proximate cause Navient's willful failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

51. Navient is liable to Mr. McHenry for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Navient for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

<u>**COUNT VII**</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ITHACA**

52. Plaintiff realleges the above paragraphs as if recited verbatim.

53. After being informed by Experian of Mr. McHenry's consumer dispute of the Errant Trade Line, Ithaca negligently failed to conduct a proper investigation of Mr. McHenry's dispute as required by 15 USC 1681s-2(b).

54. Ithaca negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC

1681s-2(b).  Specifically it failed to direct Experian to remove the multiple charge offs on the Errant Trade Line.

55. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. McHenry's consumer credit file with Experian to which it is reporting such trade lines.

56. As a direct and proximate cause of Ithaca's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

57. Ithaca is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

58. Mr. McHenry has a private right of action to assert claims against Ithaca arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Ithaca for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

14

## COUNT VIII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY ITHACA

59. Plaintiff realleges the above paragraphs as if recited verbatim.

60. After being informed by Experian that Mr. McHenry disputed the accuracy of the information it was providing, Ithaca willfully failed to conduct a proper reinvestigation of Mr. McHenry's dispute.

61. Ithaca willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

62. As a direct and proximate cause Ithaca's willful failure to perform its duties under the FCRA, Mr. McHenry has suffered damages, mental anguish, suffering, humiliation and embarrassment.

63. Ithaca is liable to Mr. McHenry for either statutory damages or actual damages they have sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Ithaca for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less

than twenty-five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT IX

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McHenry as that term is defined in 15 USC 1681a.

66. Such reports contained information about Mr. McHenry that was false, misleading, and inaccurate.

67. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it  reported to one or more third parties pertaining to Mr. McHenry, in violation of 15 USC 1681e(b).

68. After receiving Mr. McHenry's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

69. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

70. Experian is liable to Mr. McHenry by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

71. Plaintiff realleges the above paragraphs as if recited verbatim.

72. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. McHenry as that term is defined in 15 USC 1681a.

73. Such reports contained information about Mr. McHenry that was false, misleading, and inaccurate.

74. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McHenry, in violation of 15 USC 1681e(b).

75. After receiving Mr. McHenry's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

76. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. McHenry has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

77. Experian is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT XI</u>

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

78. Plaintiff realleges the above paragraphs as if recited verbatim.

79. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McHenry as that term is defined in 15 USC 1681a.

80. Such reports contained information about Mr. McHenry that was false, misleading and inaccurate.

81. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. McHenry, in violation of 15 USC 1681e(b).

82. After receiving Mr. McHenry's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

83. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. McHenry has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

84. Equifax is liable to Mr. McHenry by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

19

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## COUNT XII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

85. Plaintiff realleges the above paragraphs as if recited verbatim.

86. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. McHenry as that term is defined in 15 USC 1681a.

87. Such reports contained information about Mr. McHenry that was false, misleading and inaccurate.

88. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. McHenry, in violation of 15 USC 1681e(b).

89. After receiving Mr. McHenry's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

90. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. McHenry has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

91. Equifax is liable to Mr. McHenry by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorneys' fees.

## JURY DEMAND

Plaintiffs hereby demand a trial by Jury.

DATED: November 19, 2015                    **McDONOUGH & NOWICKI PLLC**

By:   /s/ Nicholas R. Nowicki

Nicholas R. Nowicki
AZ Lic. # 029740
McDonough & Nowicki PLLC
3011 36th Avenue South, #6
Minneapolis, MN 55406
Telephone: 612-217-0257
Email: nik@mcnowick.com

21

1

2                                        Attorneys for Plaintiff,
                                         Schuyler McHenry
3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28