NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Schuyler McHenry, | No. CV-15-02356-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, *et al.*, | |
| Defendants. | |

At issue is Plaintiff's Notice of Settlement as to Equifax Information Services, LLC, only (Doc. 21). Plaintiff filed the Notice on December 22, 2015, and advised the court the parties anticipate filing a stipulation of dismissal with prejudice as to Defendant Equifax within 60 days of the Notice date. That same day, the Court issued an Order advising the parties that the settlement constituted an accord which has extinguished the underlying claims as between Plaintiff and Equifax only. (Doc. 24). The Court also ordered that the matter would be dismissed with prejudice as to Equifax only, 60 days after the docketing of the order unless one of the parties filed a stipulation to dismiss prior to that date. (Doc. 24.) The 60 days expired no later than Monday, February 22, 2016, but no party filed a stipulation for dismissal. The Court therefore will dismiss this matter with prejudice as to Defendant Equifax.

Also at issue is Plaintiff's Motion to Amend/Correct Complaint (Doc. 49), filed February 26, 2016. The Court will deny the motion with leave to refile once Plaintiff has

complied with the Federal Rules of Civil Procedure and this Court's Local Rules of Practice.

In his motion, Plaintiff moves under Fed. R. Civ. P. 15 (a)(1) for an amendment as a matter of course. Rule 15(a)(1) provides in relevant part that a party may amend its pleading once as a matter of course within 21 days after serving it, or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading. The Complaint was a pleading to which a responsive pleading – the Answer – was required. The last two Defendants to file their Answers did so on January 11, 2015. Under Rule 15 (a) (1), then, the latest date Plaintiff could move for an amendment as a matter of course was February 1, 2016. Plaintiff did not file his Motion to amend or correct the Complaint until February 26, 2016. Plaintiff therefore is out of time for a motion to amend as a matter of course.

Plaintiff may file a motion to amend pursuant to Rule 15 (a) (2), but must meet all requirements of that rule if he chooses to do so. Under Rule 15 (a) (2), Plaintiff may amend his pleading only with the opposing parties' written consent or with the Court's leave, which leave should be freely given when justice so requires. The Court will require Plaintiff to state in any Rule 15 (a) (2) motion the positions of all remaining Defendants.

IT IS ORDERED dismissing this matter with prejudice as to Defendant Equifax only.

IT IS FURTHER ORDERED denying Plaintiff's Motion to Amend/Correct Complaint (Doc. 49) with leave to refile in compliance with the applicable federal and local rules.

IT IS FURTHER ORDERED that should Plaintiff refile his Motion to Amend, any such motion must contain the positions of all remaining Defendants as to the motion.

Dated this 1st day of March, 2016.

Honorable John J. Tuchi
United States District Judge